### COVERT v. TRAVERS BROS. CO.

(Circuit Court, S. D. New York. August 9, 1899.)

1. PATENTS—DEFENSES—LACHES.

A delay of 14 years in bringing suit, while the owner of the patent knew that the defendant was continually engaged in manufacturing and selling an infringing device, is a bar to a decree for an accounting.

2. SAME—ROPE CLAMPS.

The Covert patent, No. 208,157, for an improvement in rope clamps, consisting in connecting the ends of two ropes by clamping them, under extreme pressure, with one or more open rings of metal, is void because of anticipation and lack of novelty and invention.

This was a suit in equity by James C. Covert against the Travers Bros. Company for alleged infringement of a patent for an improvement in rope clamps.

Charles G. Coe, for complainant.
Briesen & Knauth, for defendant.

TOWNSEND, District Judge. To the bill of complaint herein, alleging infringement of the first claim of patent No. 208,157, issued to complainant September 18, 1878, for an improvement in rope clamps, defendant, at final hearing, has interposed nine defenses, which will be considered and disposed of in their order.

Said claim is as follows:

"The herein-described method of connecting one part of a rope adjacent to another part, or the ends of two ropes, by clamping the same with one or more open rings of metal, under extreme pressure, as set forth."

On demurrer, Judge Coxe held that the second claim was manifestly invalid on its face, by reason of want of patentable novelty. Covert v. Travers Bros. Co., 70 Fed. 788. The patent covers the method of holding two pieces of rope by pressing them together with a ring of stiff metal wire. The patent expired in 1895, two months after this suit was brought.

The first defense, of laches, is established by the testimony of the complainant himself, who admits that he knew defendant was manufacturing the alleged infringing device for 14 years before he brought suit. Such laches are a bar to a decree for an accounting, and there can be no injunction, because the patent has expired. McLean v. Fleming, 96 U. S. 245; Kittle v. Hall, 29 Fed. 508.

The second defense, that the patent has already been held invalid, is both admitted and proved. In 1888, upon final hearing before Judge Wallace, a bill alleging infringement of the patent in suit was dismissed for want of novelty; and it is not claimed that there is any material difference as to the facts in the present case, or that the learned judge made any mistake of fact or law.

The third defense, of anticipation, is proved by various prior patents and printed publications showing metal eyelets, wire or flat strips, and clasps and clamps which embody substantially the means covered by said second claim.

The fourth defense, of denial of invention, is necessarily established by the foregoing facts; and the court may take judicial notice that the alleged invention is nothing more than the application to a rope or cord of the devices from time immemorial applied to garters, suspenders, curtain cords, and tag strings.

It is unnecessary to discuss the further defenses of insufficient specification, nonpatentability for other reasons, noninfringement, and abandonment.

The writer has recently had occasion to condemn the practice of speculating on chances in patent causes after an adverse decision, by a new suit before a new judge, instead of by a disposition of the first suit by appeal. It is not necessary to point out the application of those remarks to this patent for a mere mechanical device utterly devoid of merit and of inventive ingenuity. Let the bill be dismissed.